```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
        NASHVILLE DIVISION
```

| | |
|---|---|
| JESSIE LEE McLENDON ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:12-1118 |
| ] | Judge Campbell |
| MONTGOMERY COUNTY JAIL, et al. ] | |
|     Defendants. ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Montgomery County Jail, the Sheriff of Montgomery County, and the Montgomery County Sheriff's Office, seeking injunctive relief and damages.

Recently, the plaintiff spent approximately one month in the medical unit (F Pod) at the Montgomery County Jail. During his stay there, he noticed that the legs of the bunks had been "cut off ... and bolted to the floor". He alleges that the bunks are no longer at a proper height, making it more difficult to clean under the bunks. Plaintiff is concerned that this will lead to the development of healthy problems within the unit.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the

Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The Constitution does not mandate comfortable jails. Rhodes v. Chapman, 452 U.S. 337,349 (1981). The Eighth Amendment, however, imposes upon a county an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).

In this case, the plaintiff does not allege that he has suffered any specific health problem arising from the bunks being lower to the ground. Nor has he identified any other inmates who have suffered as a result of lower bunks. As a consequence, the plaintiff has not shown that he has been mistreated in any way. He has failed, therefore, to state a claim upon which § 1983 relief can be granted.

When a prisoner proceeding in forma pauperis, as is the case here, has failed to state a claim for relief, the Court is obliged to dismiss his complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

*(signature)*
Todd Campbell
United States District Judge